# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| SCP MERCHANDISING, LLC, | ) | Case No. 23-17423 |
| | ) | (Kane County) |
| Debtor. | ) | |
| | ) | Honorable Janet S. Baer |
| | ) | |
| | ) | **Hearing Date: January 12, 2024** |
| | ) | **Hearing Time: 11:00 a.m.** |

## NOTICE OF MOTION

TO: See attached list

PLEASE TAKE NOTICE that on Friday, the 12th day of January, 2024, at 11:00 a.m., a.m., I will appear before the Honorable Janet S. Baer, or any judge sitting in that judge's place, **either** in courtroom 615 of the Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, Illinois, **or** electronically as described below, and present the MOTION OF DEBTOR TO TEMPORARILY EXCUSE REQUIREMENT TO RETAIN A NOTICE OR CLAIMS AGENT, a copy of which is attached.

**Important:  Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666.  Then enter the meeting ID and passcode.

**Meeting ID and passcode.**  The meeting ID for this hearing is 160 731 2971, and the passcode is 587656. The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

1

1295010v2

Respectfully Submitted:

SCP MERCHANDISING, LLC

By: /s/ Alexander F. Brougham
      One of its attorneys

ADAM P. SILVERMAN, ESQ. (ARDC #6301515)
ALEXANDER F. BROUGHAM, ESQ. (ARDC #6301515)
TEVIN D. BOWENS, ESQ. (ARDC #6338559)
ADELMAN & GETTLEMAN, LTD.
53 West Jackson Blvd., Suite 1050
Chicago, Illinois 60604
Tel (312) 435-1050
Fax (312) 435-1059
**Counsel for the Debtor**

## CERTIFICATE OF SERVICE

I certify that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on the list on January 5, 2024, at or before 11:59 p.m.

By: /s/ Alexander F. Brougham
      Alexander F. Brougham, Esq.

## SERVICE LIST

*Via CM/ECF on January 5, 2024*
- Patrick S Layng, Office of the U.S. Trustee for Region 11
- Gina B. Krol, Chapter 7 Trustee
- Timothy W. Brink, Counsel for Associated Bank, National Association
- Kevin R. Purtill, Counsel for Associated Bank, National Association

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| SCP MERCHANDISING, LLC, | ) | Case No. 23-17423 |
| | ) | (Kane County) |
| Debtor. | ) | |
| | ) | Honorable Janet S. Baer |
| | ) | |
| | ) | **Hearing Date: January 12, 2024** |
| | ) | **Hearing Time: 11:00 a.m.** |

**MOTION OF DEBTOR TO TEMPORARILY EXCUSE REQUIREMENT
TO RETAIN A NOTICE OR CLAIMS AGENT**

NOW COMES SCP Merchandising, LLC, debtor herein (the "**Debtor**"), by and through its undersigned counsel, and, pursuant to section 105 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "**Code**"), hereby moves (the "**Motion**") to be temporarily excused from the requirement to retain a notice or claims agent under Rule 1007-2(B) of the Local Rules of the U.S. Bankruptcy Court for the Northern District of Illinois (the "**Local Rules**"), pending the Chapter 7 trustee's determination of whether this is an asset case. In support of the Motion, the Debtor respectfully states as follows:

**I.    BACKGROUND**

1. On December 29, 2023, the Debtor filed a voluntary petition for relief under Chapter 7 of the Code, commencing the above-captioned case (the "**Chapter 7 Case**"). On the same day, two of the Debtor's affiliates filed Chapter 7 bankruptcy cases, which are also pending before this Court as *In re SCP Holdings, LLC* (Case No. 23-17434) and *In re SCP Operations, LLC* (Case No. 23-17436).

2. The creditor matrix uploaded in connection with the Chapter 7 Case contains 31,779 separate creditor addresses. *See Verification of Creditor Matrix*, ECF No. 4. The vast

1

majority of these creditors consist of individuals who ordered items of merchandise of a relatively small monetary value (*e.g.*, branded t-shirts and other apparel) through websites operated by the Debtor, and whose orders could not be fulfilled when the Debtor's business shut down. Approximately one fifth of such creditors are located outside the United States.

3. While a more fulsome analysis of the Debtor's assets and liabilities remains underway in connection with the preparation of its schedules and statement of financial affairs, the Debtor indicated on its petition, based on the information available, that after administrative expenses are paid, no funds will be available to unsecured creditors. *See Petition*, ECF No. 1. Consequently, no claims bar date has been established in the Chapter 7 Case.

4. Gina B. Krol, Esq. (the "**Trustee**") has been appointed as the Debtor's Chapter 7 trustee.

5. Counsel for the Debtor has been in contact with the Trustee, and has provided her with preliminary information regarding the Debtor's business affairs, including their insurance coverage and the lease of the premises they occupy. Counsel for the Debtor continues to communicate with the Trustee to provide time-sensitive information and access needed for the initial stages of case administration.

6. The meeting of creditors pursuant to section 341 of the Code (the "**341 Meeting**") is currently scheduled for February 8, 2024.

7. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for the relief requested herein is section 105 of the Code, and the applicable rule is Local Rule 1007-2.

1295749v1

**II.     RELIEF REQUESTED**

8.     By this Motion, the Debtor seeks the entry of an order temporarily excusing the Debtor from the requirement under Local Rule 1007-2 to retain a notice or claims agent, pending the Trustee's determination of whether the Chapter 7 case is an asset case, requiring the establishment of a claims bar date and the filing of proofs of claim.

9.     Local Rule 1007-2 provides, "In all cases with more than 500 creditors, the debtor must file a motion to employ a notice or claims agent approved by the clerk to [prepare and maintain the claims register]." L.R. 1007-2(B).

10.    Section 105 of the Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

11.    The Debtor submits that retaining a notice or claims agent is currently unnecessary in the Chapter 7 Cases because there is no indication that a bar date—and with it, the need for creditors to receive notices thereof, and to submit proofs of claim—will be established. If the Chapter 7 Case continues to be designated as a no-asset case, any expense incurred in retaining a notice or claims agent will have been entirely unnecessary.

12.    Additionally, there is substantial uncertainty as to *how* a claims agent could be retained, given the limited resources available to do so. While the language of the Local Rule charges the Debtor with retaining a claims or notice agent, it is the Debtor's bankruptcy estate that would presumably bear the administrative expense of doing so. Yet at this early stage of the case, the Trustee is not yet in a position to determine the extent to which any unencumbered assets are available to fund such an administrative expense.

13. If the Trustee determines that assets are likely available for distribution to creditors, and a bar date is therefore established, then it will be appropriate to revisit the issue of retaining a notice or claims agent. Thus this motion only seeks to be excused from the requirement of Local Rule 1007-2 temporarily. But until that time, it is both premature and also infeasible for the Debtor to comply with the requirement.

14. The Trustee has communicated to counsel for the Debtor that she does not oppose the relief requested herein.

### III. NOTICE

15. Notice of the filing of this Motion and the hearing scheduled therefor has been served via the Court's CM/ECF system to: (a) the Office of the United States Trustee for Region 11; (b) the Trustee; and (c) all other parties who have requested notice and service of pleadings via the Court's CM/ECF system in the Debtor's bankruptcy case. In light of the relief requested, the Debtor submits that no other or further notice is required.

WHEREFORE, SCP Merchandising, LLC, debtor herein, respectfully requests the entry of an order in accordance with the foregoing recommendations in the form filed herewith and made a part hereof without further notice, and such other and further relief as is just.

Respectfully Submitted,

SCP MERCHANDISING, LLC

By: /s/ Alexander F. Brougham
      One of its attorneys

ADAM P. SILVERMAN, ESQ. (ARDC #6301515)
ALEXANDER F. BROUGHAM, ESQ. (ARDC #6301515)
TEVIN D. BOWENS, ESQ. (ARDC #6338559)
ADELMAN & GETTLEMAN, LTD.
53 West Jackson Blvd., Suite 1050
Chicago, Illinois 60604

4

1295749v1

Tel (312) 435-1050
Fax (312) 435-1059
**Counsel for the Debtor**

5