Form G-3 (20230922)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION ▼ DIVISION

In re: SCP MERCHANDISING LLC  )  Chapter 7 ▼
)
)  No. 23-17423
)
Debtor(s)  )  Judge Janet S. Baer

## NOTICE OF MOTION

TO: Adam Silverman & Alex Brougham, Debtor's Attorneys, Via CM/ECF
Office of US Trustee, Via CM/ECF
Timothy Brink & Kevin Purtell, Attorneys for Associated Bank, Via CM/ECF

PLEASE TAKE NOTICE that on January 26, 2024, at 11:00 a.m ▼, I will appear before the Honorable Janet S. Baer ▼, or any judge sitting in that judge's place, **either** in courtroom 615 of the Stanley J. Roszkowski United States Courthouse ▼, 219 S. Dearborn Street, Chicago, IL 60604 ▼ or electronically as described below, and present the motion of Gina B. Krol, Chapter 7 Trustee [to/for] To Abandon Property of the Estate and Limit Notice, a copy of which is attached.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode.** The meeting ID for this hearing is 1607312971, and the passcode is 587656. The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

By: /s/Gina B. Krol

Gina B. Krol
105 W. Madison St., Ste. 1100
Chicago, IL 60602

## **CERTIFICATE OF SERVICE**

    I, <u>Gina B. Krol                  </u>, certify [if an attorney]/declare under penalty of perjury under the laws of the United States of America [if a non-attorney] that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on the list on <u>    January 10, 2024    </u>, at <u> 5:00 pm  </u>.

                                      /s/Gina B. Krol
                                      _____
                                      [Signature]

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | Chapter 7 |
| | ) | |
| SCP MERCHANDISING LLC , | ) | No. 23 B 17423 |
| | ) | |
| Debtor. | ) | Judge Baer |

**TRUSTEE'S MOTION TO AUTHORIZE ABANDONMENT OF PROPERTY PURSUANT TO
11 U.S.C. SECTION 554 (a) and TO LIMIT NOTICE**

TO THE HONORABLE JANET S. BAER,
    BANKRUPTCY JUDGE

Now comes, GINA B. KROL, Trustee herein, and respectfully represents unto this Honorable Court as follows:

1. She is the duly appointed, qualified and acting Trustee in the above-captioned proceeding.

2. On December 29, 2023 the above-captioned Debtor filed a voluntary petition pursuant to Chapter 7 of the United States Bankruptcy Code.

3. No schedules or statements have been filed in this case and the Debtor has sought an extension of time to file same.

4. Immediately upon her appointment, the Chapter 7 Trustee conferred with Debtor's attorney, visited the Debtor's premises, met with attorneys for Associated Bank and began fielding numerous phone calls and emails from creditors.

5. Immediately upon her appointment, the Chapter 7 Trustee attempted to assess the Debtor's financial situation and gain an understanding of the immediate needs in the case.

6. The Debtor has possession of several hundreds of pallets of branded merchandise which are not owned by the Debtor. In some cases, there remains an outstanding balance due by

the merchandise owners. In other cases, the merchandise has been fully paid for but remains in the Debtor's possession.

7. Upon information and belief, in addition to the afore-mentioned merchandise, the Debtor owns cash, accounts receivable, inventory, equipment, warehouse racking, machinery and other physical assets.

8. Upon information and belief, all of the afore-mentioned assets are subject to a duly perfected blanket lien in favor of Associated Bank. Immediately upon her appointment, the Chapter 7 Trustee reached out to Attorneys for Associated Bank to discuss whether the Bank would agree to fund the Trustee's liquidation of the Debtor's assets and enable the Trustee to return a meaningful dividend to other creditors.

9. Upon information and belief, Associated Bank will not fund the liquidation of the Debtor's assets and the Trustee is without other additional assets to conduct said liquidation.

10. Upon information and belief, the Debtor has in excess of 30,000.00 possible deposit creditors and the Clerk's Office has requested that a claims noticing agent be retained in this case. Further, the cost of sending notices through any such claims noticing agent will be approximately $18,000.00 per notice. Neither the Debtor nor Estate has funds to pay for any notices.

11. Upon information and belief, the Debtor's premise are leased and rent has been paid through January of 2024. Further, upon information and belief, the monthly rental rate for the premises is $70,000.00 per month. Neither the Debtor nor the Estate has funds to pay rent beyond January of 2024.

12. Immediately upon her appointment, the Chapter 7 Trustee reached out to the Office of the United States Trustee and discussed pending matters in this case, including the extraordinarily large number of creditors in the case, the Clerk's request for a claims

noticing agent, the blanket lien of Associated Bank and the need for a cash injection to liquidate the assets. All agreed that without Associated Bank's acquiescence and funding, the Trustee would not be able to effectuate an orderly liquidation and return a meaningful dividend to creditors in this case.

13. Upon information and belief, the cumulative value of the assets is likely less than balance owed to Associated Bank. Further, the Trustee is of the opinion that any equity in the properties is negligible and liquidation of same would require additional time and expense which would negate any negligible equity which may exist.

14. The Trustee currently believes the Debtor's assets are burdensome to the Estate and abandonment of the Estate's interest therein is in the best interests of creditors, pursuant to 11 U.S.C. Section 554(a).

15. Given the cost of sending the requisite notice of this motion, the Trustee is requesting that notice be limited to the US Trustee, Debtor's Counsel and Bank's Counsel, pursuant to Bankruptcy Rule 6007(b) for cause given herein.

   WHEREFORE, GINA B. KROL, Chapter 7 Trustee herein, prays for the entry of an order, pursuant to 11 U.S.C. Section 554(a), authorizing here to abandon the Estate's interest in several hundred pallets of branded merchandise, cash, accounts, accounts receivable, equipment, machinery, inventory and any other physical assets located at the Debtor's leased premises in Batavia, IL, finding that notice of this motion as given is sufficient under Bankruptcy Rule 6007, and for such other and further relief as this Court shall deem proper.

| | |
|---|---|
| JOSEPH E. COHEN<br>GINA B. KROL<br>COHEN & KROL<br>105 W. Madison St., Ste 1100<br>Chicago, IL 60602 | GINA B. KROL, Trustee<br><br>BY:   /s/   GINA B. KROL<br>One of Attorneys for Trustee |