# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| SCP MERCHANDISING, LLC, ) | |
| ) | Case No. 23-17423 |
| Debtor. ) | |
| ) | Hon. Janet S. Baer |
| ) | |
| ) | Hearing: March 29, 2024 at 11:00 a.m. |

## NOTICE OF MOTION

TO: See attached list

PLEASE TAKE NOTICE that on March 29, 2024, at 11:00 a.m., the undersigned shall appear before the Honorable Janet S. Baer, or whomever may be sitting in her place and stead, **either** in courtroom 615 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604, **or** electronically as described below, and will then present the *Trustee's Application to Employ Shelly A. DeRousse and Elizabeth L. Janczak of Smith, Gambrell & Russell, LLP as Counsel*, a copy of which is attached hereto and herewith served upon you.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password.** The meeting ID for this hearing is **160 731 2971**. The passcode is **587656**. The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

| | |
|---|---|
| Dated: March 15, 2024 | **SMITH GAMBRELL & RUSSELL LLP** |
| | By: /s/ Shelly A. DeRousse |
| |       One of Its Attorneys |
| | Shelly A. DeRousse |
| | Elizabeth L. Janczak |
| | 311 South Wacker Drive, Suite 3000 |
| | Chicago, IL 60606 |
| | Tel:    312.360.6000 |
| | Fax:   312.360.6520 |
| | Email:  sderousse@sgrlaw.com |
| |           ejanczak@sgrlaw.com |
| | *Proposed Counsel for the Trustee* |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Chapter 7 |
| SCP MERCHANDISING, LLC, | ) |
| | ) Case No. 23-17423 |
| Debtor. | ) |
| | ) Hon. Janet S. Baer |
| | ) |
| | ) Hearing: March 29, 2024 at 11:00 a.m. |

## CERTIFICATE OF SERVICE

I, Shelly A. DeRousse, an attorney, hereby certify that on March 15, 2024, I caused a true and correct copy of the foregoing *Notice of Motion* and *Trustee's Application to Employ Shelly A. DeRousse and Elizabeth L. Janczak of Smith, Gambrell & Russell, LLP as Counsel*, to be filed with the Court and served upon the following parties by the manners listed.

/s/ Shelly A. DeRousse

**CM/ECF Service List**
Tevin D. Bowens      tbowens@ag-ltd.com, kruvalcaba@ag-ltd.com
Timothy W Brink      tbrink@mpslaw.com, crampich@mpslaw.com
Alexander F Brougham      abrougham@ag-ltd.com, dbaird@ag-ltd.com
Jon Dowat      email@otblaw.com, dowat.jonb110526@notify.bestcase.com
Michael C Iadevaia      miadevaia@stranchlaw.com, mbelleville@stranchlaw.com
Gina B Krol      gkrol@cohenandkrol.com,
gkrol@ecf.axosfs.com;gkrol@cohenandkrol.com;acartwright@cohenandkrol.com;jneiman@cohenandkrol.com
Patrick S Layng      USTPRegion11.ES.ECF@usdoj.gov
Eric J Malnar      emalnar@huckbouma.com
David A. Newby      dnewby@momkus.com, cbednarski@momkus.com
Lester A Ottenheimer, III      lottenheimer@olawgroup.com, nfishkin@olawgroup.com
Kevin R Purtill      kpurtill@mpslaw.com, crampich@mpslaw.com
Adam P. Silverman      asilverman@ag-ltd.com, kburde@ag-ltd.com

**U.S. Mail Service**

J Gerard Stranch
Stranch Jennings & Garvey PLLC
223 Rosa Parks Ave., Suite 200
Nashville, TN 37203

Samuel J Strauss
Turke & Strauss LLP
613 Williamson Street, Suite 201
Madison, WI 53703

Lynn A Toops
Cohen & Malad LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| SCP MERCHANDISING, LLC, ) | |
| ) | Case No. 23-17423 |
| Debtor. ) | |
| ) | Hon. Janet S. Baer |
| ) | |
| ) | Hearing: March 29, 2024 at 11:00 a.m. |

**TRUSTEE'S APPLICATION TO EMPLOY SHELLY A. DEROUSSE AND ELIZABETH L. JANCZAK OF SMITH GAMBRELL & RUSSELL LLP AS COUNSEL**

Gina B. Krol (the "Trustee"), as the duly appointed chapter 7 trustee in the above-captioned bankruptcy case of SCP Merchandising, LLC (the "Debtor"), by her proposed counsel, submits this application (the "Application") pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Trustee to retain and employ Shelly A. DeRousse and Elizabeth L. Janczak and the law firm of Smith Gambrell & Russell LLP ("SGR") as counsel for the Trustee, effective as of March 5, 2024 (the "Retention Date"). In support of this Application, the Trustee submits the Declaration of Shelly A. DeRousse (the "DeRousse Declaration"), which is attached hereto as Exhibit A, and further states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the Application pursuant to 28 U.S.C. § 1334.

2. Venue for this chapter 11 case and this Application is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This Application constitutes a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

3. On December 29, 2024, the Debtor and its affiliated debtor entities, SCP Holdings, LLC and SCP Operations, LLC (the "Affiliates") filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "Court").

4. The Trustee was appointed as the chapter 7 trustee for the Debtor's estate and the estates of its Affiliates.

5. The Trustee's investigation into the Debtor's and its Affiliates' assets and finances reveal that there may be significant chapter 5 causes of action to pursue for the benefit of the estates and other necessary actions requiring the advice of and representation by legal counsel.

## PROPOSED EMPLOYMENT OF COUNSEL

6. By this Application, the Trustee seeks to employ and retain SGR as her counsel, effective as of the Retention Date.

7. The Trustee contemplates that SGR, in its capacity as counsel, will provide a full range of legal services to the Trustee in the course of this case, including:

   a. Advising the Trustee on all legal issues as they arise;

   b. Advising the Trustee with respect to her rights and duties in this chapter 7 proceeding;

   c. Investigating and evaluating potential claims against the estate;

   d. Investigating estate causes of action including chapter 5 causes of action, and assisting the Trustee in filing and pursuing such actions;

   e. Filing such lawsuits as may be necessary to collect assets of the estate;

   f. Representing the Trustee in litigation matters arising from this chapter 7 proceeding;

   g. Evaluating claims filed against the estate, filing objections if necessary, and negotiating resolution of disputes with respect to such claims; and

2

    h. Performing such other legal services as may be required from time to time as may be necessary to protect the estate, including routine court appearances.

8. The Trustee requests that SGR be paid on an hourly basis for general representation matters and on a contingency fee basis for the pursuit of claims under Chapter 5 of the Bankruptcy Code ("Chapter 5 Claims").

    A. **General Matters – Hourly Basis**

9. The Trustee requests that all legal fees rendered by SGR to the Trustee and related costs incurred on account of general legal services which are unrelated to Chapter 5 Claims in this case be paid as administrative expenses of the estate in accordance with the Bankruptcy Code and applicable orders entered in this chapter 7 case.

10. Subject to the Court's approval, SGR will charge for its legal services on an hourly basis, billed in tenth-of-an-hour increments, in accordance with its hourly rates in effect for this case on the date that such services are rendered. SGR is substantially discounting its standard billing rates for this representation. SGR's billing rates for attorneys expected to work on this case range from $475 to $580 per hour, which are discounted from SGR's standard rates. Time devoted by paralegal professionals will be billed at approximately $250 per hour. These hourly rates are subject to periodic adjustments to reflect economic and other conditions. SGR will maintain detailed records of any actual and necessary costs incurred in connection with the aforementioned legal services.

11. The principal attorneys and paralegal who may represent the Trustee and their current standard hourly rates are:

    a) Shelly A. DeRousse          $580 per hour

    b) Adam Toosley               $580 per hour

    c) Michael Desmond           $545 per hour

3

| | | |
|---|---|---|
| d) | Elizabeth L. Janczak | $535 per hour |
| e) | Shira Isenberg | $475 per hour |
| f) | Jacqueline E. Webster (paralegal) | $250 per hour |

Other attorneys and paralegals may from time to time serve the Trustee in connection with the matters herein described.

12. SGR has not received any payments or retainers in connection with this proposed engagement.

13. The Trustee understands that SGR will apply to this Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any Orders of this Court and any applicable US Trustee guidelines.

14. Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, applicable UST guidelines and any Orders of this Court, the Trustee proposes to pay SGR its proposed hourly rates for services rendered, and to reimburse SGR for certain charges and expenses, at the rates in effect from time to time. The Trustee submits that such rates are reasonable and should be approved by this Court at this time, subject to a determination of the amounts to be paid to SGR upon applications for allowance.

B. **Chapter 5 Claims – Contingency Fee**

15. The Trustee also proposes to retain SGR to pursue, prosecute, and collect on Chapter Claims including issuing demand letters to and negotiate with recipients of potentially avoidable transfers and, if necessary, filing and prosecuting adversary proceedings in this Court or other applicable venues.

4

16. Subject to Court approval, the Trustee has agreed to pay SGR a contingency fee on Chapter 5 Claims, as set forth in the engagement letter attached to the DeRousse Declaration, as follows:

- 30% of Gross Recoveries obtained prior to filing a lawsuit;
- 35% of Gross Recoveries obtained after filing a lawsuit, but prior to commencement of the earlier of either mediation or a trial; or
- 40% of Gross Recoveries obtained after the earlier of mediation or a trial.

Gross Recoveries shall mean any and all payments made to or for the benefit of the Debtor's estate by any person or entity for any settlement, judgment, or other resolution of a Chapter 5 Claim, including all cash and non-cash consideration actually received by the estate including but not limited to the value of any claim waiver obtained as part of any settlement.

17. SGR shall also be entitled to reimbursement of any reasonable expenses incurred, including but not limited to expert reports, filing fees, photocopy charges, travel expenses, court reporter services, deposition charges, witness fees, and forensic analyses, which shall be reimbursed in full by the estate in addition to the contingency fee regardless of the success of the Chapter 5 Claims.

18. For the sake of judicial economy and to limit administrative expenses, the Trustee further requests that the Court authorize payment to SGR of any contingency fee upon receipt of Gross Recoveries by the estate, without filing a separate application or further Court order.

19. The Trustee respectfully submits that the proposed contingency fee arrangement is fair and reasonable, considering the available assets in the estate to satisfy administrative claims, the inherent risks of Chapter 5 Claim litigation, and the standards governing compensation under section 330(a)(1) of the Bankruptcy Code.

## COMPLIANCE WITH SECTION 327(a)

20. To the best of SGR's knowledge, and except as disclosed in the DeRousse Declaration, SGR does not hold or represent any interest adverse to the creditors of the Debtor's estate. SGR, however, has represented or may currently represent one or more of the Debtor's creditors or parties-in-interest in connection with matters unrelated to this case.

21. SGR conducted a computerized "conflicts" database search with respect to the Debtor; the Debtor's insiders; the Debtor's largest creditors; and certain other parties-in-interest. SGR has represented, and in the future may represent, certain of the Debtor's creditors and other parties-in-interest adverse to such creditors or parties-in-interest in matters unrelated to this case.

22. In particular, SGR and/or its predecessor law firm Freeborn & Peters LLP represented Partisan Records, Associated Bank, N.A., and Oracle Corporation in the past for matters unrelated to this bankruptcy case. SGR represents Healogics, which is owned by Clayton, Dublier & Rice ("CDR"). CDR owns S&S Activewear. SGR represents Microsoft, which owns LinkedIn Corporation, but SGR does not represent LinkedIn Corporation. Microsoft has agreed to provide a waiver of conflicts of interest in an abundance of caution. SGR also currently represents Knitting Factory and other entities related to Partisan Records, but SGR does not represent Partisan Records. For matters related to LinkedIn Corporation and Partisan Records, SGR will set up a screen between attorneys working on matters for related entities and this engagement. If an actual conflict of interest arises related to bringing claims against LinkedIn Corporation, Partisan Records, or any other entity, SGR will advise the Trustee who will obtain conflict counsel.

23. Other than as described above, insofar as SGR has been able to ascertain, other than in connection with this case, SGR has no connection (connection being defined as a familial or

professional relationship) with the Debtor's creditors, any other party-in-interest herein, or their respective attorneys or accountants, or the United States Trustee or any person employed in the Office of the United States Trustee. Accordingly, SGR is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

### RETROACTIVE RELIEF

24. The Trustee requests that this Application be approved retroactive to March 5, 2024, the date the Trustee hired SGR. In proper circumstances, the equitable aspects of bankruptcy proceedings permit the court to retroactively approve the employment of professionals who rendered services even absent strict compliance with section 327 of the Bankruptcy Code. *Gowan v. Lefkas Gen. Partners No. 1017 (In re Lefkas Gen. Partners No. 1017)*, 153 B.R. 804, 808 (N.D. Ill. 1993) (internal quotation omitted). Retroactive approval of SGR's retention is appropriate under the circumstances because of: (1) the short duration of time between the hiring of SGR and the filing of this Application; and (2) the immediate need for SGR's services upon engagement.

### NOTICE

25. Pursuant to Bankruptcy Rule 2014(a), notice of a retention application need only be served on the Office of the United States Trustee. *See* 9 Collier on Bankruptcy § 201.02, at 2014-4 (15th ed. Rev. 2003) ("The [retention] application must be filed with the clerk of the court, and in cases other than those under chapter 9, served upon the United States trustee"). Nonetheless, notice of this Application has been served on: (a) the U.S. Trustee; (b) counsel for the Debtor; and (c) all parties that have filed appearances and requested notice in this case.

**WHEREFORE**, the Trustee requests respectfully requests that the Court: (a) authorize the Trustee, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule

7

2014, to retain and employ SGR in accordance with the terms hereof retroactive to March 5, 2024; and (b) grant such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: March 15, 2024 | **SMITH GAMBRELL & RUSSELL LLP** |
| | By: /s/ Shelly A. DeRousse<br>      One of Its Attorneys |
| | Shelly A. DeRousse<br>Elizabeth L. Janczak<br>311 South Wacker Drive, Suite 3000<br>Chicago, IL 60606<br>Tel:    312.360.6000<br>Fax:    312.360.6520<br>Email:  sderousse@sgrlaw.com<br>              ejanczak@sgrlaw.com |
| | *Proposed Counsel for the Trustee* |