# **AMENDED EXHIBIT 1**

# **SETTLEMENT AGREEMENT**

**THIS SETTLEMENT AGREEMENT** (this "*Settlement Agreement*") is made as of December 2, 2025, by and between Gina B. Krol (the "*Trustee*"), the chapter 7 trustee for the estates of SCP Merchandising, LLC, SCP Holdings, LLC, and SCP Operations, LLC (collectively, the "*Debtors*"), on the one side and BRIC Arts | Media | Bklyn, Inc. (the "*Transferee*," and together with the Trustee, the "*Parties*") on the other side.

## **RECITALS**

**WHEREAS**, on December 29, 2023 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief under chapter 7 of title 11 of the United States Code (the "*Bankruptcy Code*") in the U.S. Bankruptcy Court for the Northern District of Illinois (the "*Court*"), which cases are being administered as Case Nos. 23-17423, 23-17434, and 23-17436;

**WHEREAS**, on December 29, 2023, Gina B. Krol was appointed the chapter 7 trustee of the Debtors' estates;

**WHEREAS**, pursuant to sections 544, 547, 548, and 704 of the Bankruptcy Code, the Trustee is vested with, *inter alia*, the authority to pursue certain causes of action on behalf of the Debtors' estates, including the avoidance and recovery of transfers under chapter 5 of the Bankruptcy Code;

**WHEREAS**, the Trustee asserts that she holds certain claims against the Transferee under chapter 5 of the Bankruptcy Code for avoidable transfers and recoverable transfers made by the Debtors during the applicable period prior to the Petition Date;

**WHEREAS**, the Trustee made a demand upon the Transferee pursuant to chapter 5 of the Bankruptcy Code seeking the avoidance and recovery of certain transfers from one or more of the Debtors to the Transferee totaling $11,492.94 (the "*Avoidance Claims*");

**WHEREAS**, the Transferee denies the Trustee's allegations and has asserted certain defenses to the Avoidance Claims;

**WHEREAS**, the Parties have exchanged information, negotiated and now desire to resolve all matters respecting the Avoidance Claims against the Transferee, upon the terms and conditions set forth below; and

**WHEREAS**, the Parties agree to toll any applicable statute of limitations, statutes of repose, or any other time-related defense that might exist in regards to all matters respecting the Avoidance Claims until the Termination Date (as defined below).

**NOW THEREFORE**, for good and valuable consideration, it is hereby stipulated, consented to and agreed by and between the Parties as follows:

1. The Transferee shall deliver to the Trustee the sum of $10,343.65 (the "*Settlement Sum*"), in full satisfaction of the Avoidance Claims against the Transferee.

2. The Settlement Sum shall be paid by check, issued by the Transferee and delivered to the following address within seven (7) days of the full execution of this Settlement Agreement, and receipt of the same by both parties, as follows:

> Payable to: Gina B. Krol, Chapter 7 Trustee
> Delivered to: Sanjiv Sarma
> Smith, Gambrell & Russell LLP
> 155 N. Wacker Dr, Ste 3000
> Chicago, IL 60606

3. This Settlement Agreement is binding upon the Parties, but is subject to Court approval pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure. The Trustee shall file a motion for approval of this Settlement Agreement within fourteen (14) days of the full execution of this Settlement Agreement.

4. This Settlement Agreement shall become effective upon the last of the following to occur: (a) it has been duly executed by all Parties; (b) the Trustee has received the full amount of the Settlement Sum; and (c) the Court enters a final, non-appealable order approving this Settlement Agreement (such date, the "*Effective Date*").

5. Upon the Effective Date and subject to the provisions of this Settlement Agreement, the Trustee, on behalf of the Debtors' estates, shall be deemed to have released, waived, and discharged the Transferee from any and all liabilities, obligations, actions, suits, judgments, claims, causes of action and demands, known or unknown, whatsoever at law or in equity arising from, in connection with or related to the Avoidance Claims.

6. Upon the Effective Date and subject to the provisions of this Settlement Agreement, the Transferee shall be deemed to have released, waived and discharged the Trustee, the Debtors and their estates, and their respective professionals from any and all liabilities, obligations, actions, suits, judgments, claims, causes of action and demands, known or unknown, whatsoever at law or in equity arising on or before the date of this Settlement Agreement, including any claim arising from payment of the Settlement Sum pursuant to 11 U.S.C. § 502(h). For the avoidance of doubt, nothing in this Settlement Agreement shall be deemed to release or waive any pre-petition claim filed in the Debtors' bankruptcy cases.

7. Notwithstanding anything contained to the contrary herein, if the Trustee is compelled by an order of a court of competent jurisdiction or required for any other reason to return, disgorge, or repay any portion of the Settlement Sum, or if the payment of any portion of the Settlement Sum is avoided by the Transferee or any other person or entity acting on behalf of the Transferee or its estate, then the releases given by each party to this Settlement Agreement shall be deemed ineffective, null and void and the full amount of the Trustee's claims against the Transferee shall be reinstated without any further order of the Court, subject to credit for the payment made pursuant to paragraphs 1 and 2 herein that is not returned, disgorged, repaid, or avoided to the extent allowed by law. However, under such circumstance, the Transferee shall be entitled to assert any and all applicable defenses to the reinstated claim.

2

8. The Parties agree that any statute or period of limitations, statutes of repose or other time-based limitations or defenses, whether at law, in equity, under statute, contract or otherwise (including, but not limited to, the doctrine of laches or waiver), which might be asserted as a time bar and/or limitation to all matters respecting the Avoidance Claims, is hereby tolled from the date of this Settlement Agreement to March 31, 2026 (the "*Termination Date*"). The Parties may further extend the Termination Date by written agreement. Nothing in this Settlement Agreement shall operate to revive or extend the time for filing any claim that is now time barred or barred by any applicable statute or period of limitations, statutes of repose or other time-related defense as of the date of this Settlement Agreement.

9. This Settlement Agreement may be executed in counterparts each of which shall be deemed an original, but all of which together shall constitute one and the same.

10. The undersigned represent and warrant that they have full authority to execute this Settlement Agreement on behalf of their respective Party or client and have obtained all necessary approvals. This Settlement Agreement is the resolution of disputed claims and nothing herein shall be deemed an admission against either party.

11. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties' respective assigns and successors, including trustees and receivers.

12. This Settlement Agreement may be signed and transmitted electronically or by facsimile, which shall be deemed to have the full force and effect of original ink signatures.

| GINA B. KROL, CHAPTER 7 TRUSTEE | BRIC ARTS \| MEDIA \| BKLYN, INC. |
|---|---|
| By: */s/ Elizabeth L. Janczak* | By: */s/ Erum Jaffer* |
| Printed Name: Elizabeth L. Janczak | Printed Name: Erum Jaffer |
| Title: Counsel for the Trustee | Title: COO |

3