**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: ) | Case No. 23-17423 |
| ) | |
| SCP MERCHANDISING, LLC, ) | Chapter 7 |
| ) | |
| Debtor. ) | Hon. Janet S. Baer |
| ) | |

| | |
|---|---|
| ) | |
| GINA B. KROL, not individually but solely ) | |
| as the Chapter 7 Trustee of the estate of SCP ) | |
| MERCHANDISING, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 25-_____ |
| ) | |
| S&S ACTIVEWEAR, LLC F/K/A ) | |
| ALPHABRODER, ) | |
| ) | |
| Defendant. | |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS
PURSUANT TO 11 U.S.C. §§ 502(d), 547, 548 AND 550**

Gina B. Krol (the "*Trustee*"), not individually but solely as the Chapter 7 Trustee in the above-captioned bankruptcy case, by and through her undersigned counsel, files this complaint (the "*Complaint*") to avoid and recover transfers and for related relief pursuant to sections 502(d), 547, 548, and 550 of title 11 of the United States Code (the "*Bankruptcy Code*"), and Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), against S&S Activewear, LLC f/k/a Alphabroder (the "*Defendant*"), and hereby alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over this adversary proceeding which arises under the Bankruptcy Code, and arises in and relates to a case under the Bankruptcy Code

in the United States Bankruptcy Court for the Northern District of Illinois (the "*Court*"), Case No. 23-17423, under 28 U.S.C. §§ 157 and 1334 and Internal Operating Procedure 15(a) of this Court.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409(a).

4. The statutory predicates for the relief requested herein are sections 502(d), 547, 548, and 550 of the Bankruptcy Code and Bankruptcy Rule 7001(1).

## BACKGROUND

5. On December 29, 2023 (the "*Petition Date*"), SCP Merchandising, LLC ("*SCPM*"), SCP Holdings, LLC ("*SCPH*"), and SCP Operations, LLC ("*SCPO*," together with SCPM and SCPH, the "*Debtors*") each filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

6. On December 29, 2023, Gina B. Krol was appointed the chapter 7 trustee of each of the Debtors' estates.

7. As the chapter 7 trustee of the Debtors' estates, the Trustee has standing to prosecute, defend, and compromise all chapter 5 claims and causes of action on behalf of the bankruptcy estates of the Debtors.

8. On information and belief, the Defendant is a limited liability company, organized under the laws of the state of Illinois with its principal place of business in Bolingbrook, IL.

## COUNT I
### (Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547(b))

9. The Trustee repeats and re-alleges the allegations of paragraphs 1 through 8 as though fully set forth herein.

10. During the (90) day period prior to the Petition Date (the "*Preference Period*"), the Debtors continued to operate their business affairs, including the transfer of property, either by

2

checks, cashier checks, wire transfers, direct deposit or otherwise to certain entities, including the Defendant.

11. During the Preference Period, SCPM made one or more transfers to the Defendant via bank transfer, ACH, and/or wire totaling at least $313,096.49 (collectively, the "*Transfers*" and individually, a "*Transfer*").

12. A list of the Transfers is attached hereto and incorporated herein as Exhibit A, including the transferor and transfer amount.[1]

13. Prior to the commencement of this adversary proceeding, the Trustee issued a demand letter to the Defendant seeking return of the Transfers or, in the alternative, evidence of support for any of its affirmative defenses.

14. In addition, the Trustee performed her own due diligence evaluating reasonably knowable affirmative defenses available to the Defendant including, without limitation, defenses under section 11 U.S.C. § 547(c)(4).

15. Based upon the Trustee's review of information provided by the Defendant, if any, prior to the filing of this Complaint and after performing her own due diligence of the reasonably knowable affirmative defenses available to the Defendant, the Trustee has determined that she may avoid some or all of the Transfers even after taking into account Defendant's potential affirmative defenses.

16. Upon information and belief, the Defendant was a creditor, within the meaning of section 101(10)(A) of the Bankruptcy Code, of SCPM at the time of each of the Transfers.

---

[1] The Trustee reserves her right to amend this complaint to include further information regarding the transfers, additional transfers, modifications of and/or revisions to the Defendant's name, additional defendants, or additional causes of actions or legal theories that may become known to the Trustee any time during this adversary proceeding through formal discovery or otherwise, and for such amendments to relate back to the date of the original complaint.

17. Each Transfer constituted a transfer of an interest of SCPM in property; namely, cash.

18. Each of the Transfers was a transfer to, or for the benefit of, the Defendant because each Transfer either reduced or fully satisfied a debt then owed by SCPM to the Defendant.

19. Upon information and belief, each Transfer was made for, or on account of, an antecedent debt owed by SCPM to the Defendant before such Transfers were made.

20. Based on the facts and circumstances of these cases and the presumption of insolvency set forth in section 547(f) of the Bankruptcy Code, each Transfer was made while SCPM was insolvent.

21. Each Transfer was made on or within ninety (90) days prior to the Petition Date.

22. Each Transfer enabled the Defendant to receive more than it would receive if:

   a. such Transfer had not been made; and

   b. the Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

23. By reason of the foregoing, the Trustee may avoid the Transfers as preferential transfers pursuant to section 547(b) of the Bankruptcy Code.

## COUNT II

**(In the Alternative, Recovery of Avoidable Transfers Pursuant to 11 U.S.C. § 548)**

24. The Trustee repeats and re-alleges the allegations of paragraphs 1 through 23 as though fully set forth herein.

25. The Trustee pleads this count in the alternative to Count I.

26. SCPM made each Transfer to or for the benefit of the Defendant.

27. Each Transfer constituted a transfer of an interest of SCPM in property; namely, cash.

28. Each Transfer was made on or within two (2) years prior to the Petition Date.

29. To the extent each Transfer was not made on account of an antecedent debt owed by SCPM to the Defendant, SCPM did not receive reasonably equivalent value in exchange for each Transfer; in fact, SCPM did not receive anything of value in exchange.

30. At all times relevant to the Complaint, SCPM's liabilities exceeded its assets. Specifically, at the end of September 2023, SCPM's balance sheet reflected equity of ($6,057,116.72) and as of the Petition Date, SCPM's schedules of assets and liabilities reflected assets of approximately $1.9 million and liabilities in excess of $9.9 million.

31. Accordingly, on the date of each Transfer, SCPM:

   a. was insolvent or became insolvent as a result of each Transfer;

   b. was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with SCPM was unreasonably small capital; or

   c. intended to occur, or believed it would incur, debts that would be beyond its ability to pay as such debts matured.

32. For these reasons, and to the extent each Transfer was not made on account of an antecedent debt owed to SCPM, the Trustee may avoid the Transfers as fraudulent under 11 U.S.C. § 548(a)(1)(B).

## COUNT III

**(Recovery of Avoidable Transfers Pursuant to 11 U.S.C. § 550)**

33. The Trustee repeats and re-alleges the allegations of paragraphs 1 through 32 as though fully set forth herein.

34. The Defendant was either: (a) the initial transferee of the Transfers, (b) the entity for whose benefit the Transfers were made or (c) an immediate or mediate transferee of an initial transferee.

35. To the extent that the Transfers are avoided pursuant to sections 547 or 548 of the Bankruptcy Code, the Trustee may recover the Transfers or their value, from the Defendant or any mediate or immediate transferee pursuant to section 550 of the Bankruptcy Code.

36. By reason of the foregoing, the Trustee may recover the Transfers or the value thereof from the Defendant pursuant to section 550 of the Bankruptcy Code.

## COUNT IV
### (Disallowance of Claims Pursuant to 11 U.S.C. § 502(d))

37. The Trustee repeats and re-alleges the allegations of paragraphs 1 through 36 as though fully set forth herein.

38. Section 502(d) of the Bankruptcy Code provides, in relevant part, that the claim of any entity or transferee receiving a payment that is avoidable under sections 547 or 548 of the Bankruptcy Code shall be disallowed unless the entity or transferee turns over the payment or value of the payment.

39. The Defendant is the transferee of the Transfers.

40. The Defendant has, or may claim to have, a claim or claims against the estate of SCPM.

41. The Defendant has neither paid nor surrendered the Transfers or the value therefor to estate of SCPM.

42. The Trustee objects to any and all claims of the Defendant, including without limitation, all pre-petition and post-petition claims pursuant to section 502(d) of the Bankruptcy Code.

43. By reason of the foregoing, any claim which the Defendant has filed must be disallowed pursuant to section 502(d) of the Bankruptcy Code until the Transfers or the value thereof are returned to the estate of SCPM.

WHEREFORE, the Trustee requests the entry of a judgment against the Defendant granting the following relief:

(a) the Transfers be avoided pursuant to section 547 of the Bankruptcy Code;

(b) in the alternative, the Transfers be avoided pursuant to section 548 of the Bankruptcy Code;

(c) the Defendant be directed to return the amount of the Transfers to the estate of SCPM pursuant to section 550 of the Bankruptcy Code;

(d) any claims of the Defendant be disallowed pursuant to section 502(d) of the Bankruptcy Code unless and until the amount of such Transfers are returned to the estate of SCPM;

(e) the Court award the Trustee pre-judgment interest at the legally allowable rate;

(f) the Court assess all fees and costs of this action against the Defendant; and

(g) the Trustee be granted such other and further relief as is just and proper.

| | |
|---|---|
| Dated: December 23, 2025 | **SMITH GAMBRELL & RUSSELL LLP**<br><br>By: /s/ Elizabeth L. Janczak<br>       One of Its Attorneys<br><br>Shelly A. DeRousse<br>Elizabeth L. Janczak<br>Sanjiv H. Sarma<br>155 North Wacker Drive, Suite 3000<br>Chicago, IL 60606<br>Tel:     312.360.6000<br>Fax:    312.360.6520<br>Email:  sderousse@sgrlaw.com<br>            ejanczak@sgrlaw.com<br>            ssarma@sgrlaw.com<br><br>*Counsel for the Trustee* |

# EXHIBIT A

**Transfers to S&S Activewear, LLC f/k/a Alphabroder During Preference Period**

| Defendant Name | Transfer Date | Transfer Amount |
|---|---|---|
| S&S Activewear, LLC f/k/a Alphabroder | 10/2/2023 | $35,593.35 |
| | 10/13/2023 | $57,574.12 |
| | 10/24/2023 | $47,271.15 |
| | 10/31/2023 | $25,412.44 |
| | 11/6/2023 | $39,941.45 |
| | 11/13/2023 | $29,580.70 |
| | 11/17/2023 | $15,700.17 |
| | 11/24/2023 | $23,703.60 |
| | 12/1/2023 | $38,319.51 |
| | **Total:** | $313,096.49 |